CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE BAKER, ) | Civil Action No. 7:15-cv-00396 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| CLAY CORBIN, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
|     <u>Defendants</u>. ) | United States District Judge | |

Christopher Lee Baker, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The defendants are Clay Corbin, the Captain of Security at the Northwestern Regional Adult Detention Center ("Jail"), and James Whitley, the Jail's Superintendent. Plaintiff argues that Capt. Corbin deliberately interfered with necessary medical treatment by not allowing him to receive the amber-tinted eyeglasses he ordered from the internet. Defendants filed a motion for summary judgment, and Plaintiff responded, making this matter ripe for disposition. After reviewing the record, the court grants the motion for summary judgment.

### I.

Plaintiff alleges the following in the verified complaint:

> I have been denied my eyeglasses that [we]re medically prescribed for me [in] the past six months. I am legally blind in my right eye, and my vision in my left eye is deteriorating . . . for I have to strain to see . . . . My eye hurts, and I am having serious headaches.
>
>                               \* \* \*
>
> The eyeglasses in question are not dark tinted, only amber tint. They are not reading glasses. They are prescribed. The reason they were ordered from E-bay was I couldn't afford several hundred dollars so I sent my eye exam[] and eye prescription forms to an eyeglasses company online. The glasses are legitimate eyeglasses. I have the box and the paper work with them in my property at this facility.

(Compl. 2-3.)

Capt. Corbin denied Plaintiff's requests to receive the eyeglasses from Ebay because, inter alia, they were not authorized due to the risk of safety and security to the Jail. These particular eyeglasses had two pieces of metal on each ear piece, and the Jail does not allow eyeglasses of any kind, prescription or reading, that contain metal pieces that can be used as weapons.

The issues of safety and security were particular important here because Plaintiff has had multiple incidents of fashioning or making shanks and weapons from screws, metal pieces, battery cores, and a spring from an ink pen. Jail staff had also documented Plaintiff's threats to kill or assault Jail staff, other inmates, and police; threats to escape on numerous occasions; and threats and attempts of self-harm and suicide.

The Jail does allow eyeglasses if they are medically necessary, otherwise meet the Jail's security requirements, and are approved. The Jail also allows reading glasses if they are purchased through the canteen because those eyeglasses meet security requirements. Tinted eyeglasses are also available through the canteen if prescribed by a doctor.

Notably, Plaintiff had not established to either defendant, before or after he ordered the eyeglasses from Ebay, that they were prescribed or met the Jail's security requirements. Capt. Corbin explains that he had never seen a prescription for the eyeglasses ordered from Ebay. Furthermore, an ophthalmologist examined Plaintiff in September 2015, which was two months before Defendants filed their motion for summary judgment, and that doctor did not order any type of glasses as medically necessary.[1] As of September 3, 2015, Plaintiff had requested a pair

---

[1] Regarding Plaintiff's blurry vision, the ophthalmologist concluded:
Patient presents with decreased vision and does not pinhole. There is no obvious finding seen on examination today to explain visual deficit. Would recommend patient have further work up to determine if retinal or nerve is contributing to vision loss. Return for an

2

of reading glasses from the canteen, the request was approved, and Plaintiff paid $4.00 to receive them. Plaintiff was never denied the right to purchase reading glasses from the canteen.

Superintendent Whitley avers he had no personal involvement with or contemporaneous knowledge about Plaintiff's eyeglasses from Ebay.

## II.

Defendants are entitled to qualified immunity and summary judgment.[2] A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a

---

appointment in as needed . . . . Instructions: will need to have Regional Jail schedule with retinal doctor or neuro ophthalmologist.
(ECF No. 21-1 at 14.)

[2] The "qualified immunity analysis involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation." Raub v. Campbell, 785 F.3d 876, 881 (4th Cir. 2015). A "court 'may address these two questions in the order . . . that will best facilitate the fair and efficient disposition of each case.'" Estate of Armstrong v. Vill. of Pinehurst, 810 F.3d 892, 898 (4th Cir. 2016) (omission in original) (quoting Raub, 785 F.3d at 881). A plaintiff's claim "survives summary judgment, however, only if [the court] answer[s] both questions in the affirmative." See id. at 18.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

The court granted Plaintiff the opportunity to respond to the motion for summary judgment by November 30, 2015. In accordance with his pro se status and the prison mailbox rule, the court will consider four of Plaintiff's submissions (ECF Nos. 24, 25, 27, and 28) filed before the deadline as his responses to Defendants' motion. Plaintiff filed additional responses, long after the deadline passed, and he has not moved for an extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has made clear that even pro se litigants must follow rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113 (1980); see Cichon v. Exelon Generation Co., L.L.C., 401 F.3d 803, 809-10 (7th Cir. 2005) (recognizing a district court may ignore and not consider additional facts a litigant proposes in violation of court orders or rules of procedure). Furthermore, Plaintiff cannot use a response to a motion for summary judgment to amend or correct the complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009). Accordingly, the court will not consider his untimely responses to the motion for summary judgment. To the extent Plaintiff attempts to raise new claims involving a medical examination in January 2016, he may file those claims in a new and separate action once he exhausts administrative remedies available at the Jail. See, e.g., 42 U.S.C. § 1997e(a).

claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'").

Plaintiff had not established to the defendants before or after making the internet order that a doctor had prescribed the amber-tinted eyeglasses as medically necessary. Furthermore, Plaintiff fails to establish that either defendant acted with a culpable state of mind. The claim against Superintendent Whitley must fail because he was not personally involved or contemporaneously aware of Plaintiff's claims about the eyeglasses, and respondeat superior is not actionable via § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Capt. Corbin did not deny Plaintiff access to all eyeglasses. Instead, Capt. Corbin did not allow Plaintiff the receipt of not-prescribed eyeglasses that could be crafted into weapons. Requiring Plaintiff to buy pre-authorized, non-metal eyeglasses from the canteen does not violate a federal right. Moreover, the ophthalmologist Plaintiff saw in September 2015 did not order eyeglasses as medically necessary, and correctional officials are entitled to rely on the expertise of prison doctors in treating inmates. See Miltier, 896 F.2d at 854-55. The record reflects that Capt. Corbin was not personally involved with a denial of treatment, deliberately interfered with

4

a doctor's treatment, or tacitly authorized or was deliberately indifferent to a medical provider's obvious misconduct. Id. at 854. Accordingly, Defendants are entitled to qualified immunity and summary judgment.

### III.

For the foregoing reasons, the court grants Defendants' motion for summary judgment.

ENTER: This 13th day of June, 2016.

/s/ Michael F. Urbanski
United States District Judge